IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WILEY ZACHARY CARROLL**                                                                                   **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO.: 3:16-CV-00260-DMB-JMV**

**TIPPAH COUNTY, MISSISSIPPI**                                              **DEFENDANT**

### REPORT AND RECOMMENDATION ON MOTION TO DISMISS

This matter is before the court on Defendant Tippah County, Mississippi's Motion [19] to Dismiss Plaintiff's complaint and for other relief pursuant to *Uniform District Court Rule 16(b)(3)(A )*. The *pro se* (not incarcerated) Plaintiff filed a response [23] to Defendant's motion to dismiss on September 7, 2017. For the reasons discussed below, it is recommended the motion be granted.

### FACTS

Plaintiff Carroll asserts a due process violation against Tippah County because at the time of the filing of the complaint, the Tippah County Circuit Court had not made findings required by an August 27, 2013, decision of the Mississippi Court of Appeals ("COA"). The COA determined as follows:

> Wiley Carroll was banished from the Third Circuit Court District as a condition of his post-release supervision. He appeals the dismissal of his post-conviction-relief ("PCR") petition for removal of the banishment restriction as illegal. He also claims his counsel was ineffective in allowing him to agree to an illegal sentence. Because the record before us does not indicate whether the trial court addressed the requisite banishment considerations, as articulated in *Cobb v. State,* 437 So.2d 1218, 122, ¶21 (Miss. 1983), we reverse and remand.

*Carroll v. State,* 120 So. 3d 471, 472-73 (Miss. Ct. App. 2013). Ultimately, the COA reversed the dismissal of Carroll's PCR motions and remanded the case to the trial court for a

determination, from the complete record of Carroll's plea and/or sentencing[1], whether the standard set in *Cobb* had been met. *See id.* at 476-77.

In the complaint filed in this action Plaintiff alleges no action was thereafter taken by the Circuit Court to address the errors found by the COA. Nevertheless, and though not raised by Defendant, this court takes judicial notice of an Order Vacating and Modifying Sentence dated December 12, 2016, entered by the Circuit Court of Tippah County, Mississippi, in both Carroll's PCR case and in the underlying criminal case. In accordance with the COA's instructions, that order vacated Carroll's original sentence entered on February 10, 2004, and reinstated all conditions of that sentence *except* the condition of banishment because the Circuit Court had not addressed the *Cobb* considerations on the record during Carroll's sentencing.

Notwithstanding the foregoing, there is no claim here that any law enforcement official from Tippah County is seeking to enforce this vacated term of Carroll's Circuit Court sentence. And, according to the complaint, Plaintiff's physical address is Ripley, a municipality which lies within Mississippi's Third Circuit Court District.

## DISMISSAL STANDARD

Rule 12(c) of the *Federal Rules of Civil Procedure* governs this motion inasmuch as a responsive pleading [Doc. No. 18] as already been filed. *See, e.g., Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Robertson v. Mullins*, No. 2:12CV57-MPM-DAS, 2013 WL 1319759, at *1 (N.D. Miss. Mar. 26, 2013) (same). The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to

---

[1] The record before the COA included only two pages of the transcript from Carroll's plea hearing and did not include the transcript from the sentencing hearing. *See id.* at 475.

survive moving Defendant's motion, Plaintiff's complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 556. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). As outlined below, Plaintiff's claimed due process violation against Tippah County for a lack of action by the Circuit Court on a 2013 remand of a now vacated banishment provision in his felony sentence is properly due to be dismissed.

## ANALYSIS

In order to recover a judgment against a local governmental entity under 28 U.S.C. § 1983, a plaintiff must establish that he sustained a deprivation of a federally protected right as a result of some official policy, practice, or custom of the governmental entity. *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38, 56 L. Ed. 2d 611 (1978). A plaintiff must identify: "(1) an official policy (custom or practice), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

As explained below, in Mississippi, circuit judges acting in their judicial capacity are not local government officials whose actions are attributable to a county. Thus, absent alleged

participation in a conspiracy with a county official (which is not alleged by Plaintiff), a state circuit judge cannot subject a county to liability under § 1983. *See Mackey v. Helfrich*, No. 2:10CCV172-KS-MTP, 2011 WL 532406, at *1–2 (S.D. Miss. Feb. 9, 2011), *aff'd,* 442 F. App'x 948 (5th Cir. 2011).

In *Mackey*, the plaintiff filed a civil action against a Forrest County Circuit Court Judge, Forrest County, and an assistant district attorney pursuant to § 1983. There, the plaintiff claimed, among other things, he had been wrongfully imprisoned for thirty-nine months as a result of the actions of the Forrest County Circuit Court and, because the Judge was an official policy maker for Forrest County, the county was liable for his actions.[2] United States District Judge Keith Starrett adopted the magistrate judge's dismissal of the claim against the County holding, that the circuit judge was a state elected official and not a policy maker for Forrest County. As such, the County could have no liability under § 1983 for his action/inaction.

*Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995), holds similarly:

> Krueger's allegation that Comal County is liable because Reimer [a district attorney] and [Judge] Moore acted as final policy makers for the County is without foundation in law or in fact. In order to recover a judgment against a local governmental entity under section 1983, Krueger must establish that he sustained a deprivation of his constitutional rights as a result of some official policy, practice, or custom of the governmental entity. *Monell v. Department of Social Servs. of the City of New York,* 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38, 56 L. Ed. 2d 611 (1978). A local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county. *See Johnson v. Moore,* 958 F.2d 92, 94 (5th Cir.1992); *Carbalan v. Vaughn,* 760 F.2d 662, 665 (5th Cir.) *cert. denied,* 474 U.S. 1007, 106 S. Ct. 529, 88 L. Ed. 2d 461 (1985).

Likewise, *Jackson v. Forrest Cty., Mississippi*, No. 2:16-CV-181-KS-MTP, 2016 WL 7240145, at *3 (S.D. Miss. Dec. 14, 2016), *reconsideration denied*, No. 2:16-CV-181-KS-MTP, 2017 WL 278483 (S.D. Miss. Jan. 20, 2017) held that "[n]othing in the [c]omplaint . . . allege[d]

---

[2] *Mackey* similarly involved a banishment order of the Circuit Court.

any policy or custom by the County was the 'moving force' behind the alleged constitutional violations." Thus, because the only named official in the complaint whose actions allegedly contributed to the constitutional violations was a Chancery Court Judge, and her conduct in a judicial capacity could not, as a matter of law, be considered those of a local government official whose actions would be attributable to the county, the § 1983 claims against the county had to be dismissed.

In accordance with the foregoing authorities, the undersigned recommends this action be dismissed against Tippah County because no conduct chargeable to the County for purposes of § 1983 is alleged or may be inferred from the facts asserted in the complaint.

## PROCEDURE FOR FILING OBJECTIONS

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 23rd day of October, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE